IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY SCOTT, | : | No. 3:05cv2462 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| BUREAU OF IMMIGRATION | : | |
| AND CUSTOMS ENFORCEMENT | : | |
| INTERIM FIELD OFFICE, and | : | |
| DIRECTOR FOR DETENTION | : | |
| AND REMOVAL FOR THE | : | |
| PHILADELPHIA DISTRICT, | : | |
| Respondents | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is Petitioner Gregory Scott's pro se Petition for a Writ of Habeas Corpus. Scott argues that he is entitled to release from custody or to have his custody reviewed pending his challenge to his final order of removal. This matter has been fully briefed and is ripe for disposition. For the reasons that follow, we will deny the Petition without prejudice but order the Respondents to review his custody status.

I.    **Background Facts**

Petitioner is in the custody of Respondent Bureau of Immigration and Customs Enforcement (BICE), and is currently incarcerated in York County Prison, York County, Pennsylvania. Scott is an alien who arrived from Belize on September 29, 2000, when he was paroled into this country based on an outstanding warrant for his arrest in Illinois. On February 13, 2001, he was convicted in Illinois state court for Manufacture/Delivery of a Controlled Substance and/or Possession with the Intent to Deliver a Controlled Substance.

On August 24, 2004, BICE initiated removal proceedings based on this conviction. The Notice of Removal charged that he was removable because he was convicted of crimes involving trafficking of a controlled substances under sections 212(a)(2)(C) and 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (INA). An Immigration Judge upheld the charges, and on April 15, 2005 the Board of Immigration Appeals affirmed the decision. Thus, Petitioner had a final order of removal on April 15, 2005.

On May 24, 2005, Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the removal order. We addressed that petition in Scott v. Hogan, 05cv1048 (May 24, 2005). There, we transferred the petition to the United States Court of Appeals for the Third Circuit because we have no jurisdiction over habeas corpus petitions challenging removal orders. See 8 U.S.C. § 1252(a)(5). We granted a stay of removal until further order of the Third Circuit to prevent Scott's deportation during the transfer of the case. On September 21, 2005, the Third Circuit denied Scott's motion for a stay, thus lifting our limited stay.

On November 28, 2005, Scott filed the instant Petition for a Writ of Habeas Corpus pursuant 28 U.S.C. § 2241. Here, he does not challenge the removal order, but instead asserts that his continued detention while the Third Circuit reviews his removal order is unreasonable.

II.  Discussion

Scott argues that his continued detention violates his liberty interest protected by the

Due Process Clause of the Fifth Amendment. He argues that he has been in BICE custody since August 24, 2004, and his removal is not reasonably foreseeable. Furthermore, he has not been granted the appropriate individualized determination of his custody status pending the adjudication of the validity of his removal order, as required by 8 C.F.R. § 241.4.

An alien convicted of an offense covered by section 212(a)(2) of the INA is subject to mandatory detention during removal proceedings. 8 U.S.C. § 1226(c). Once the alien is ordered removed, the United States Attorney General must remove him within ninety days ("the removal period"). 8 U.S.C. § 1231(a)(1)(A). If the alien was convicted of an offense covered by INA § 212(a)(2), 8 U.S.C. 1182(a)(2), the Attorney General shall detain him during the removal period. 8 U.S.C. § 1231(a)(2). If, after the removal period expires, removal is not reasonably foreseeable, continued detention is unreasonable and prohibited by statute. Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Continued detention, however, is presumptively reasonable for six months after the beginning of the removal period. Id. at 701.

The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.

8 U.S.C. § 1231(a)(1)(B).

BICE argues that the removal period has not yet begun under the second clause

because the Third Circuit is currently reviewing the case and we issued a stay order. We issued a stay, however, solely until the Third Circuit could issue a further order out of our concern that Scott would be deported before the Third Circuit could properly address the stay issue. On September 21, 2005, the Third Circuit denied Scott's motion for a stay, thus lifting the limited stay we provided. Although Scott has been in custody since August 2004, BICE was prevented from effectuating his removal from May 24, 2005, when we issued our limited stay, until the Third Circuit denied his petition for a stay on September 21, 2005. Therefore, Scott's removal period began at that time, the length of his detention is well within the six month presumptively reasonable period, and his continued detention is not unreasonable under Zadvydas. [1]

However, because his removal period expired on December 20, 2005, ninety days after September 21, 2005, Scott is now subject to continued custody pursuant to INA § 241, 8 U.S.C. § 1231(a)(6). He is, therefore, entitled to review of his continued custody pursuant to 8 C.F.R. § 241.4 (providing procedures for determining an alien's edibility for release pending removal after the removal period) and 8 C.F.R. § 241.13 (requiring determination of whether there is a significant likelihood that an alien under a removal order can be removed in the reasonably foreseeable future). We will order BICE to treat this petition as a request

---

[1] Furthermore we find that Scott has not satisfied his burden to show his removal is not reasonably foreseeable. His sole argument is that the Third Circuit's resolution of his case will delay his removal. However, the Third Circuit denied his motion to stay removal pending its consideration of his case, and Scott has provided no other reason to believe that his removal is not reasonably foreseeable. As discussed infra, we will order Respondents to review his custody and his removal.

4

for review of his custody status under these two provisions and will dismiss the petition without prejudice. See French v. Ashcroft, No.CIV.A.04-1116, 2004 WL 1309062, at *2-3 (M.D. Pa. 2005) (instructing BICE to treat a petition for habeas corpus claiming that petitioner received improper custody review following the removal period as a request for review of continued custody under 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13).[2] An appropriate order follows.

---

[2] Additionally, we will deny Scott's claim that BICE violated the Equal Protection clause by affording review under 8 C.F.R. § 241.4 to another alien because the other alien was not similarly situated, and we will order BICE to review his custody status.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY SCOTT,  :  No. 3:05cv2462
        Petitioner  :
          :  (Judge Munley)
   v.  :
       :
BUREAU OF IMMIGRATION  :
AND CUSTOMS ENFORCEMENT  :
INTERIM FIELD OFFICE, and  :
DIRECTOR FOR DETENTION  :
AND REMOVAL FOR THE  :
PHILADELPHIA DISTRICT,  :
        Respondents  :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 7th day of February 2006, it is hereby **ORDERED** that:

1) Petitioner Gregory Scott's Petition for a Writ of Habeas Corpus (Doc. 1) is hereby **DISMISSED** without prejudice.

2) Respondents must treat the instant petition as a request for release under 8 C.F.R. § 241.4 and § 241.13. The Respondents shall respond to this request within 30 days

3) The Clerk of Court is directed to close this case.

                                       BY THE COURT:

                                       s/ James M. Munley
                                       **JUDGE JAMES M. MUNLEY**
                                       United States District Court